

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 17, 1948

Hon. Roy A. Jones
County Attorney
Cottle County
Paducah, Texas

Opinion No. V-608

Re: Proper fund out of
which the county may
pay for the hospital
care of its indigent
sick.

Dear Sir:

Your request for an opinion from this office on the above subject matter is, in part, as follows:

"'Can the Commissioners Court of Cottle County, Texas send its indigent sick to a public hospital in the said county and pay for their upkeep out of the Jury Fund when there is no money in the General fund with which to pay the said hospital bills'?

"About two years ago the Commissioners Court of this county took over the Richard's Memorial Hospital located in the county and since that time they have paid the bills for all indigent patients out of our General fund. In this manner several hundred dollars per month is transferred from the General fund to the Hospital fund with the result that the General fund is almost gone.

"If it is not legal to pay these bills out of the Jury fund will you advise us if there is any other fund from which they may be legally paid?"

Article 4438, V. C. S., provides:

"If there is a regular established public hospital in the county, the commissioners court shall provide for sending the indigent sick of the county to such hospital. If more than one such

hospital exists in the county, the indi-
gent patient shall have the right to se-
lect which one of them he shall be sent
to."

It was held in Bexar County v. Mann, 157 S.W.
(2d) 134, that "all county expenditures, lawfully auth-
orized to be made by a county must be paid out of the
county's general fund unless there is some law which
makes them a charge against a special fund."

It is noted that Article 4438, V. C. S., auth-
orizes county expenditures for the purpose of giving hos-
pital aid to the indigent sick of the county and does not
provide out of what fund the expenditure is to be made.
Since this expenditure is for a "county purpose" and in
view of the holding in Bexar County v. Mann, such expen-
diture must be made out of the general fund of the coun-
ty.

Article VIII, Section 9 of our State Consti-
tution, prescribes the maximum rate of taxes for the
various constitutional funds and it is well settled that
the Commissioners' Court cannot transfer money from one
fund to another or expend for one purpose tax money rais-
ed ostensibly for another. Ault v. Hill County, 116 S.
W. 359; Carroll v. Williams, 202 S.W. 504, affirming 182
S.W. 29. We quote the following from Carroll v. Williams:

"Going to the real gist of the
main issue before us, section 9 of art-
icle 8 of our state Constitution, supra,
inhibits any and all transfers of tax
money from one to another of the several
classes of funds therein authorized, and,
as a sequence, the expenditure, for one
purpose therein defined, of tax money
raised ostensibly for another such purpose.
The immediate purpose in so prescribing
a separate maximum tax rate for each of
the classes of purposes there enumerated
is, no doubt, to limit, accordingly, the
amount of taxes which may be raised from
the people, by taxation, declaredly for
those several purposes or classes of pur-
poses, respectively. But that is not all.
The ultimate and practical and obvious
design and purpose and legal effect is
to inhibit excessive expenditures for

any such purpose or class of purposes.
By necessary implication said provisions
of section 9 of article 8 were designed,
not merely to limit the tax rate for cer-
tain therein designated purposes, but to
require that any and all money raised by
taxation for any such purpose shall be
applied, faithfully, to that particular
purpose, as needed therefor and not to
any other purpose or use whatsoever."

In view of the foregoing, it is our opinion
that money expended for the purpose of giving hospital
aid to the indigent sick of the county must be paid out
of the general fund and no other.

## SUMMARY

Hospital aid to the indigent sick
of the county must be paid out of the
general fund and no other.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *John Reeves*
John Reeves
Assistant

JR:mw

APPROVED:

*Fagan Dickson*
FIRST ASSISTANT
ATTORNEY GENERAL